DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Reynolds, appeals from an order of the Summit County Court of Common Pleas, which ordered that he serve consecutive sentences for the two crimes to which he pled guilty. We affirm.
 I. {¶ 2} Following a verbal altercation, Mr. Reynolds first threatened the victim with a gun and later shot him. Mr. Reynolds pled guilty to one count of having a weapon while under disability per R.C. 2923.13(A)(3), a fifth degree felony, and one count of aggravated assault per R.C. 2903.12, a fourth degree felony. Although Mr. Reynolds pled guilty, at his sentencing hearing he argued self-defense as a mitigating circumstance. At the conclusion of the hearing the court imposed sentences of nine and 16 months, respectively, and specifically instructed that the sentences be served consecutively and not concurrently.
 {¶ 3} Mr. Reynolds timely appealed, asserting one assignment of error.
 II. Assignment of Error
"THE COURT FAILED TO FOLLOW SENTENCING GUIDELINES AND ERRED IN IMPOSING IT'S [sic] SENTENCE."
 {¶ 4} Mr. Reynolds asserts that the trial court imposed an unduly harsh sentence because it improperly weighed the mitigating factors, did not provide sufficient reasons to support its findings, and failed to follow the sentencing guidelines. We disagree.
 {¶ 5} Appellate review of felony sentencing is limited to whether "the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 10; R.C. 2953.08(G)(2). Thus, we will not overturn the sentence without clear and convincing evidence that the sentence was improper. At issue is the consecutive sentencing, which necessitates that the court explain its reasons for imposing the consecutive sentences. See R.C.2929.19(B)(2)(c).
 {¶ 6} The trial court looked to the following statutory provisions in considering the sentence:
"[R.C.] 2929.12. Seriousness and recidivism factors.
"(A) * * * [A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
"(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
"* * *
"(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
"* * *
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
"(2) In committing the offense, the offender acted under strong provocation.
"* * *
"(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
"(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
"* * *
"(2) The offender * * * has a history of criminal convictions.
"(3) The offender * * * has not responded favorably to sanctions previously imposed for criminal convictions.
"* * *
"(5) The offender shows no genuine remorse for the offense."
 {¶ 7} The trial court also referred to the statutory provisions regarding prison terms and consecutive sentencing:
"[R.C.] 2929.14. Basic prison terms.
"(A) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * *, the court shall impose a definite prison term that shall be one of the following:
"* * *
"(4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
"(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
"(B) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
"* * *
"(E) * * *
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
"(5) When consecutive prison terms are imposed pursuant to division (E)(1), (2), (3), or (4) of this section, the term to be served is the aggregate of all of the terms so imposed."
 {¶ 8} At the sentencing hearing, the trial court articulated its reasons for imposing consecutive sentences: the threat with the deadly weapon and ensuing physical harm to the victim, per R.C. 2929.12(B)(2); Mr. Reynolds' 30-year history of violence, multiple convictions, and a previous conviction for a similar offense, per R.C. 2929.12(D)(2); the ineffectiveness of his prior punishment on controlling his conduct, per R.C. 2929.12(D)(3); and that his protestations of self-defense contradicted any claim of genuine remorse, per R.C. 2929.12(D)(5). Court of Appeals of Ohio, Ninth Judicial District Thus, the trial court concluded that recidivism was likely, that the minimum sentence would demean the seriousness of the offense, and that the consecutive sentences were necessary to protect the public. See R.C.2929.14(E)(4)(b)-(c). Specifically, the trial court stated:
"I will require that those terms be served consecutive[ly] because I think it's not such a ruling as necessary to protect the public here, to punish this defendant, and it's not disproportionate to the conduct and the danger that he possesses. I think the consecutive sentences are necessary to protect the public in this situation."
 {¶ 9} Based on our review of the record, we find that the trial court documented its findings and conclusions for imposing consecutive sentences. We cannot conclude by clear and convincing evidence that the sentence was improper. See Comer at ¶ 10; R.C.2953.08(G)(2).
 {¶ 10} Mr. Reynolds' assignment of error is overruled.
 III. {¶ 11} Mr. Reynold's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., and Whitmore, P.J., Concur.